UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVER MCFARLINE PHILLIPS<br><br>  Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO CLAIMS DIVISION, SAN FRANCISCO POLICE DEPARTMENT, SAN FRANCISCO GENERAL HOSPITAL, and Does One through Ten, Inclusive<br><br>  Defendants.<br>_____/ | No. CV 09-05953 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Defendants' Motion for Summary Judgment; Plaintiff's Motion for Leave to File a Supplemental Complaint**. |

Oliver McFarline Phillips ("plaintiff") commenced this action against the City and County of San Francisco ("City"), San Francisco Claims Division, San Francisco Police Department ("SFPD"), San Francisco General Hospital ("SFGH") and individual SFPD officers (collectively "defendants") alleging violations of federal and state law. Now before the court is plaintiff's motion for leave to file a supplemental complaint and defendant's motion for summary judgment. Having considered the parties' submissions and arguments, and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND

The facts are in dispute, however they are presented here in the light most favorable to plaintiff who, with respect to the motion for summary judgment, is the nonmoving party. Plaintiff, an African American man, washes parked cars outside the Fiesta Wash & Dry laundromat

("laundromat") in San Francisco, CA. In the early hours of May 20, 2009, plaintiff reports that he was leaving work when he was approached by SFPD officers Balingit and Masilang. Docket No. 1 (Complaint) ¶ 10. Balingit and Masilang were responding to a 911 call reporting that a male was yelling obscenities and going in and out of the laundromat. Docket No. 36 (Balingit Dec.) ¶ 4. After discovering plaintiff in the vicinity of the laundromat and believing plaintiff to be the individual causing the public disturbance, Balingit and Masilang asked plaintiff to leave the area. *Id.* ¶¶ 7-11. Plaintiff failed to comply with the officers' order, and Balingit and Masilang subsequently used force to subdue plaintiff. Complaint ¶ 10. Plaintiff proceeded to struggle with the two officers on the ground, while yelling for help. *Id.* Additional SFPD officers arrived on the scene to assist Balingit and Masilang as they continued to struggle with plaintiff. Balingit Dec. ¶¶ 23-24. Believing that plaintiff was under the influence of alcohol or drugs and that he "had an altered mental state," the officers decided to have plaintiff transported via ambulance to SFGH for psychiatric evaluation and treatment. *Id.* ¶¶ 25-27. Plaintiff objected to being taken to SFGH, but was transported there against his will. Complaint ¶ 15. Once at SFGH, plaintiff was restrained and against his will, the attending staff administered anti-anxiety and anti-psychotic medications to him. *Id.* ¶ 16; Docket No. 35 (Lipton Dec.), Exh. E (SFGH Records) at 8, 16,17. Some time later on May 20, 2009, plaintiff was released from SFGH.

Plaintiff first filed this action on or about November 30, 2009 in San Francisco Superior Court, and on December 18, 2008, defendants removed the action to this court. Plaintiff is a pro se litigant, and his pleadings are incomplete insofar as with respect to certain claims he does not set forth with specificity their basis is federal or state law or both. Although in this civil matter the court is under no obligation to treat plaintiff's pleadings with any partiality, see *Jacobson v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("First and foremost is that pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record"), the court is obliged to "liberally construe[]" plaintiff's pro se pleading. *Balistreri v. Pacific Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Accordingly, the court construes plaintiff's pleading to state the following causes of action: (1) racial discrimination in violation of the Fourteenth Amendment and in violation

2

1  of Cal Civ. Code § 52.1; (2) intentional infliction of emotional distress; (3) assault in violation of
2  state law; (4) battery in violation of state law; (5) excessive force in violation of the Fourth
3  Amendment; (6) unlawful seizure in violation the Fourth Amendment and false imprisonment in
4  violation of state law ; (7) conversion; (8) defamation of character; (9) cruel and unusual punishment
5  in violation of the Eighth Amendment; and (10) kidnapping. The court addresses each claim in turn.

LEGAL STANDARD

I. Summary Judgment

Summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see generally Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–55 (1986). A fact is "material" if it may affect the outcome of the proceedings, and an issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* at 248. The court may not make credibility determinations. *Id.* at 255. The moving party bears the burden of identifying those portions of the pleadings, discovery and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its initial burden, the non-moving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. Fed R. Civ. P. 56(c); *see Anderson*, 477 U.S. at 250.

II. Supplemental Complaint

Pursuant to Federal Rule of Civil Procedure 15(d), the court may permit a party to supplement his or her complaint in order to set out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed.R.Civ.P. 15(d). "Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). "While leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action." *Planned Parenthood of*

3

*Southern Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (internal citations and quotation marks omitted).

DISCUSSION

I.     Motion for Summary Judgment

At the outset, summary judgment as to plaintiff's Eighth Amendment claim is GRANTED in favor of defendants and plaintiff's claim is dismissed with prejudice. Plaintiff bases his claim on the officers' alleged use of excessive force however these allegations do not support a claim brought under the Eighth Amendment, whose protections attach only after arrest and incarceration. *See Ingraham v. Wright*, 430 U.S. 651, 669-670 (1977).

A.     Federal Claims Against the City

Plaintiff seeks to hold the City liable for violations of federal constitutional law under section 1983, as allegedly committed by SFPD officers. These claims against the City fail, however as it is well established that there is no section 1983 municipal liability based on a theory of respondent superior. *Monell v. Dept of Soc. Serv. of City of New York*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable under § 1983 on a respondeat superior theory."; *Christie v. Iopa*, 176 F.3d 1231, 1234-35 (9th Cir. 1999). Accordingly, plaintiff may not hold the City liable solely for the allegedly unconstitutional acts of the officers.

Although not liable under the doctrine of respondent superior however, a municipality may be held liable for section 1983 violations "when 'action pursuant to official municipal policy of some nature caused a constitutional tort.'" *Id.* (quoting *Monell*, 436 U.S. at 691). Plaintiff's claims against the City fail in this regard as well because he has presented no evidence that SFPD had a custom or policy of racial discrimination, false imprisonment or excessive force. Nor has plaintiff presented evidence that the City had a policy of inaction or that the City was deliberately indifferent to the alleged incidence of racial discrimination, unlawful seizure or excessive force within the SFPD. As such, plaintiff's submissions fail to raise a genuine issue of material fact, and summary

4

judgment with respect to plaintiff's federal claims against the City as enumerated in Counts 1, 5 and 6 is GRANTED in favor of the defendants.

### B. Federal Claims Against the SFPD Officers

Plaintiff alleges that the SFPD officers involved in his arrest violated his Fourth Amendment rights against unlawful seizure and excessive force and violated his right to equal protection under the Fourteenth Amendment. Defendants argue that the defendant officers are entitled to qualified immunity.

"A finding of qualified immunity depends on a two-part inquiry by the court." *Peng v. Mei Chin Penghu*, 335 F.3d 970, 976 (9th Cir. 2003) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). The court must determine whether the facts alleged, "taken in the light most favorable to the party asserting the injury," show the violation of a constitutional right, and whether the right was clearly established at the time of the violation. *Id*; *see Blankenhorn v. City of Orange*, 485 F.3d 463, 471 (9th Cir. 2007) (citing *Beier v. City of Lewiston*, 354 F.3d 1058, 1064 (9th Cir. 2004) ("Defendants are entitled to such relief only if the facts alleged and evidence submitted . . . show that their conduct did not violate a federal right; or, if it did, the scope of that right was not clearly established at the time.")) In analyzing the two-pronged qualified immunity standard, the court may consider either prong first, however "it is often beneficial" to determine whether a constitutional right was violated prior to considering whether the scope of the right was clearly established. *Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009) ("The judges of the district courts and the courts of appeal should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."). The court considers plaintiff's Fourth Amendment and Fourteenth Amendment claims in turn.

### 1. Fourth Amendment

Plaintiff alleges that defendants subjected him to an unlawful seizure in violation of the Fourth Amendment. Under the Fourth Amendment, a warrantless seizure "must be supported by probable cause to comport with the Fourth Amendment. Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that [an] offense has been

5

committed. [E]ven if the officers were mistaken that probable cause to arrest . . . existed, they are nonetheless immune from liability if their mistake was reasonable." *Krainski v. Nevada ex. rel. Bd. of Regents Nevada*, 616 F.3d 963, 968-69 (9th Cir. 2010) (internal quotation marks and citations omitted; alterations in original).

Defendants' evidence shows that defendant officers responded to a 911 call stating that an individual male was shouting obscenities and disturbing the peace in the vicinity of the laundromat. Balingit Dec. ¶ 4; Lipton Dec., Exh. C (Ghassemzadeh Dec.) at 12-15. Defendants' evidence also shows that plaintiff appeared to be under the influence of alcohol and was yelling obscenities both inside the laundromat and outside on the adjacent sidewalk. Lipton Dec., Exh. D (Cardenas Dec.) at 22.[1] Once SFPD arrived on the scene, the officers spoke with plaintiff and asked him to leave. *Id.* at 20-21. Plaintiff was non-compliant and appeared "aggressive" and "drunk." *Id.* at 21. Subsequently, plaintiff became "loud," "abusive" and "aggressive" toward the officers. *Id.* at 24-26. Officer Balingit testified that plaintiff was "yelling and waiving [sic] his arms" and acting "irrational[ly] and aggressive[ly]," giving the appearance of being "under the influence of alcohol or drugs [and having] an altered mental state." Balingit Dec. ¶ 15. Defendants' evidence shows that after refusing to leave the premises, plaintiff resisted arrest, requiring Balingit and Masilang, and ultimately several other officers as well as paramedics, to wrestle with plaintiff until he was sufficiently subdued for transport via ambulance to SFGH. *Id.* ¶¶ 19-26.[2]

Plaintiff, on the other hand, does not proffer evidence which raises a genuine issue of material fact as to whether the officers acted unreasonably in light of defendants' evidence showing that plaintiff was intoxicated, belligerent and noncompliant. Accordingly, the court concludes that defendant officers acted reasonably given the circumstances and had probable cause to seize and detain plaintiff without a warrant.

Plaintiff alleges that defendant officers violated his Fourth Amendment right against the use of excessive force. "A claim against law enforcement officers for excessive force is analyzed under the Fourth Amendment's 'objective reasonableness' standard." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 921 (9th Cir. 2001) (citing *Graham v. Connor*, 490 U.S. 386, 388 (1989)).

6

Under the Fourth Amendment, a police officer may "use only an amount of force that is objectively reasonable in light of the circumstances facing [the officer]." *Blankenhorn*, 485 F.3d at 477 (citing *Tennessee v. Garner*, 471 U.S. 1, 7-8 (1985)). "The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Arpin*, 261 F.3d at 921 (quoting *Graham*, 490 U.S. at 396)). Moreover, "an excessive force analysis requires evaluating 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Id*.

As discussed above, defendants present evidence that the officers encountered plaintiff after responding to a 911 call. Plaintiff was intoxicated, aggressive and out of control, and plaintiff failed to comply with the defendant officers' order that he leave the scene. Defendants' evidence shows that plaintiff subsequently became belligerent, violently resisted arrest for a sustained period of time and refused to comply with the officers. In response the officers physically subdued plaintiff until he was sufficiently secured for safe transport to SFGH for psychiatric evaluation and treatment. Given these circumstances, the court concludes that the officers used a reasonable amount of force.

In sum, with respect to plaintiff's Fourth Amendment claims, plaintiff fails to proffer evidence raising a genuine issue of triable fact with respect to the presence of constitutional violations, and defendant officers are entitled to qualified immunity. Accordingly, summary judgment as to plaintiff's Fourth Amendment claims as stated in Counts 5 and 6 is GRANTED in favor of defendants.

### 2. Fourteenth Amendment

Plaintiff alleges that officers discriminated against him based on his race in violation of the Fourteenth Amendment. "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1994 (9th Cir. 1998). Although plaintiff establishes that he is a member of a protected class, plaintiff provides no evidence that the defendant officers

7

acted with the intent to discriminate against him because he is African American. In his complaint, plaintiff alleges that officers used a racial epithet during the course of his arrest. Complaint ¶ 12. Yet, despite the presence of several independent witnesses, plaintiff proffers no evidence to substantiate this self-serving allegation. Moreover, as discussed above, defendants' evidence shows that defendants acted pursuant to probable cause stemming from plaintiff's erratic and disruptive behavior rather than with an intent to discriminate against plaintiff because he is African American.. Accordingly, because plaintiff fails to raise a genuine issue of material fact as to a Fourteenth Amendment violation, defendant officers are entitled to qualified immunity and summary judgment with respect to Counts 1 is GRANTED in favor of defendants.

    C.    <u>State Law Claims</u>

        1.    <u>Assault and Battery</u>

Plaintiff alleges that defendant officers committed assault and battery against him by means of their use of force in detaining him. In California, a litigant alleging assault and battery against a peace officer must establish that the officer in question used unreasonable force. *Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1272 (1998). As discussed above, the officers' use of force was reasonable under the circumstances, and plaintiff fails to provide evidence to the contrary. Accordingly, summary judgment with respect to plaintiff's claims as alleged in Counts 3 and 4 is GRANTED in favor of defendants.

Plaintiff also alleges a battery with respect to SFGH nursing staff's administration of medication to him without consent after his arrival at SFGH.[3] Defendants provide evidence that the nursing staff acted with due care in diagnosing plaintiff upon his arrival at SFGH and in administering appropriate medication accordingly. *See* Lipton Dec., Exh. H (Thomas Report). Indeed, medical records from the incident reveal that plaintiff was "agitated" and "delusional" upon his arrival, Lipton Dec., Exh. E (Medical Records). He was under the impression that he had been attacked by the Ku Klux Klan, continued to "yell loudly," "[would] not cooperate with staff" and was physically resistant. *Id.*

8

Plaintiff, on the other hand, proffers no evidence that he was improperly detained and transported to SFGH for psychiatric evaluation and treatment, nor that such treatment was unreasonable given his psychiatric and physical condition and demeanor. Accordingly, the court concludes that the officers had probable cause to initiate plaintiff's transport to SFGH pursuant to Cal. Wel. & Inst. Code § 5150.[4] Moreover, "[i]f there is probable cause for the detention, [Cal. Wel. & Inst. Code § 5278] provides immunity for the decision to detain as well as for the detention and its inherent attributes, including the fact that the patient must necessarily be evaluated and treated without consent." *Jacobs v. Grossmont Hospital*, 108 Cal.App.4th 69, 78 (2003) (finding immunity where the plaintiff was, with probable cause, detained and treated involuntarily pursuant to a 5150 hold.)

Because plaintiff does not present a genuine issue of material fact as to the reasonableness of his detention and treatment, summary judgment as to plaintiff's claims of assault and battery as predicated on the involuntary administration of medication is GRANTED in favor of defendants.

    2.    <u>False Imprisonment</u>

Plaintiff alleges that defendant officers committed the tort of false imprisonment by detaining him. "False imprisonment under California law is 'the unlawful violation of the personal liberty of another.'" *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1379 (9th Cir. 1998) (quoting *Asgari v. City of Los Angeles*, 15 Cal.4th 744, 757 (1997)). "The confinement must be without lawful privilege." *Asgari*, 15 Cal.4th at 757 (1997) (internal quotation marks omitted). Given the court's conclusion above that defendant officers had probable cause to detain plaintiff, summary judgment as to plaintiff's claim of false imprisonment as alleged in Count 6 is GRANTED in favor of defendants.

    3.    <u>Conversion</u>

Plaintiff alleges that during the course of his detention his personal property was lost or damaged. In California, "[c]onversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights;

9

1  and (3) damages." *Burlesci v. Petersen*, 68 Cal.App.4th 1062, 1065 (1998). Here, plaintiff proffers
2  no evidence that defendant officers damaged or seized any of his personal property. Moreover,
3  defendants proffer evidence that after plaintiff was taken to SFGH, the laundromat attendant
4  collected plaintiff's personal items and returned them to plaintiff following his release from SFGH.
5  Cardenas Dec. at 32-34. Because plaintiff presents no genuine issue of material fact, summary
6  judgment as to plaintiff's claim of conversion as alleged in Count 7 is GRANTED in favor of
7  defendants.

### 4. Defamation and Intentional Infliction of Emotional Distress

9  Plaintiff alleges that defendant officers, by means of their conduct in relation to the execution
10 of their duties, defamed his character and intentionally inflicted emotional distress.

11 In California, "[d]efamation is an invasion of the interest in reputation . . . [and] involves the
12 intentional publication of a statement of fact which is false, unprivileged, and has a natural tendency
13 to injure or which causes special damage. Publication, which may be written or oral, is defined as a
14 communication to some third person who understands both the defamatory meaning of the statement
15 and its application to the person to whom reference is made." *Ringler Assoc. Inc. v. Maryland Cas.*
16 *Co.*, 80 Cal.App.4th 1165, 1179 (2000). "There can be no recovery for defamation without a
17 falsehood." *Gilbert v. Sykes*, 147 Cal.App.4th 13, 27 (2007). Here, plaintiff proffers no evidence
18 that defendants made either a written or oral statement that was false. Accordingly, there is no
19 genuine dispute of material fact with respect to plaintiff's defamation claim.

20 In California, "[t]he tort of intentional infliction of emotional distress is comprised of three
21 elements: (1) extreme and outrageous conduct by the defendant with the intention of causing, or
22 reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe
23 or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused
24 by the defendant's outrageous conduct. Resolution of this matter turns on the first element-whether
25 or not the conduct alleged was sufficiently extreme and outrageous." *Cochran v. Cochran*, 65
26 Cal.App.4th 488, 494 (1998). Plaintiff proffers no evidence of outrageous conduct on the part of
27 defendants. Rather, defendants' detention of plaintiff was substantiated by probable cause, and

10

defendants used reasonable force in detaining plaintiff. Accordingly, there is no genuine dispute of material fact with respect to this claim, and summary judgment as to Counts 2 and 8 is GRANTED in favor of defendants.

### 5. Kidnapping

Plaintiff claims that defendants kidnapped him by taking him to SFGH against his will. In California, there is no private right of action for kidnapping. Cal. Pen. Code § 207. Moreover, section 207 does not apply to peace officers. Cal. Pen. Code § 207(f). Accordingly, summary judgment as to Count 10 is GRANTED in favor of defendants.

### 6. Cal Civ. Code § 52.1

Plaintiff claims that defendants have violated Cal. Civ. Code § 52.1, which provides for damages if a person "interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state, the Attorney General, or any district attorney or city attorney . . ." Cal. Civ.Code § 52.1(a). There is no genuine issue of material fact that defendants have violated any federal or state laws upon which a violation of section 52.1 may be predicated. Accordingly, summary judgment as to plaintiff's Bane Act claim as alleged in Count 1 is GRANTED in favor of defendants.

### 7. City Liability

Lastly, because, as discussed above, defendants officers are not liable for plaintiff's state law claims because plaintiff fails to proffer evidence revealing genuine issues of material fact, the City is not liable for any of these claims. *See* Cal. Gov. Code § 815.2(b).

## II. Motion for Leave to File a Supplemental Complaint

Plaintiff seeks to supplement his complaint by supplying the names of various SFPD officers and SFGH staff and by modifying his present claim of intentional infliction of emotional distress to include allegations of retaliation.

11

1    Federal Rule of Civil Procedure 15(d) provides that a court may, "on just terms," permit a
2 party to serve a "supplemental pleading setting out any transaction, occurrence, or event that
3 happened after the date of the pleading to be supplemented." Absent a clear showing of prejudice to
4 opposing parties, leave to supplement a complaint pursuant to Rule 15(d)-to allege facts occurring
5 after the original pleading was filed-is favored by the courts. *Keith v. Volpe*, 858 F.2d 467, 468 (9th
6 Cir. 1988).

7    Given the court's conclusion above with respect to defendants' motion for summary
8 judgment, the identification of actual officers and SFGH staff allegedly involved would serve no
9 purpose and accordingly is futile. Plaintiff does not seek to fill in factual information that would
10 cause the court to rule in plaintiff's favor. The fact of the matter is that plaintiff has failed to proffer
11 evidence showing a genuine issue of material fact as to any of his allegations, and plaintiff's
12 proposed supplemental complaint naming defendant "Does" does not cure this deficiency.

13    Plaintiff also seeks to supplement the complaint to add various private defendants. In this
14 respect, plaintiff's proposed supplemental complaint is somewhat confused insofar as he attempts to
15 add persons against whom plaintiff alleges no plausible claims. For example, he seeks to add
16 Bahman Ghassemzadeh as a SFGH defendant for his alleged role in the administration of medication
17 against his will. Defendants' evidence reveals that Ghassemzadeh is in fact a private citizen who
18 witnessed plaintiff's unruly behavior and who summoned 911. Lipton Dec., Exh. B (Ghassemzadeh
19 Dec.) at 12:24-14:1. Accordingly, Ghassemzadeh played absolutely no role in the administration of
20 medication to plaintiff after his arrival at SFGH. In fact, this implausible proposed pleading remains
21 consistent as to all of the private citizens that plaintiff seeks to add to his complaint.

22    Plaintiff seeks to supplement his complaint by adding an eleventh cause of action alleging
23 "aggravated intentional infliction of emotional distress/post traumatic stress syndrome." There is no
24 cause of action for "aggravated" intentional infliction of emotional distress and for that reason there
25 is no cognizable difference between this new claim and Count 2 of plaintiff's current complaint. A
26 closer look at plaintiff's proposed supplemental pleading reveals that what plaintiff appears to allege
27 is in fact a retaliation claim under section 1983. Specifically, plaintiff seeks to plead that since filing

28

his complaint various SFPD officers have retaliated against him by making threats of violence against plaintiff and by targeting and harassing plaintiff as he goes about his business on the streets of San Francisco. Docket No. 31 (Plaintiff's Motion) ¶¶ 60-69.  A claim of retaliation under section 1983 would be a new and distinct cause of action, and its addition here would prejudice defendants insofar as the City would have to engage in significant additional discovery involving a different set of circumstances.  Moreover, in light of the court's ruling with respect to defendants' motion for summary judgment and plaintiff's failure to adduce evidence to defeat defendants' motion, the addition of this new claim would serve only to unduly delay, to the detriment of defendants, the resolution of plaintiff's pendent claims.  Accordingly, plaintiff's motion for leave to supplement his complaint is DENIED.

CONCLUSION

Plaintiff's motion for leave to file a supplemental complaint is DENIED.  Defendants' motion for summary judgment in GRANTED in its entirety.  Plaintiff's action is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: 3/4/2011

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

13

**ENDNOTES**

1. Cardenas also testified that plaintiff had appeared to be drunk on multiple previous occasions. Cardenas Dec. 29-30.

2. According to Officer Baling it, "[i]t took all five officers and two paramedics present at the scene to physically restrain [plaintiff onto a medical gurney and into the ambulance because [plaintiff continued to aggressively resist." Balingit Dec. ¶ 26.

3. Specifically, this allegation is asserted in plaintiff's kidnapping charge in Count 10, however the court construes the true substance of plaintiff's assertion with respect to the administration of drugs against his will to be a battery charge.

4. "To constitute probable cause to detain a person pursuant to section 5150, a state of facts must be known to the peace officer (or other authorized person) that would lead a person of ordinary care and prudence to believe, or to entertain a strong suspicion, that the person detained is mentally disordered and is a danger to himself or herself or is gravely disabled. In justifying the particular intrusion, the officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant his or her belief or suspicion." *People v. Triplett*, 144 Cal.App.3d 283, 287-288 (1983).